IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY ANTHONY KING, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHESTER COUNTY PRISON, et al., | : | No. 10-6952 |
| Defendants. | : | |

MEMORANDUM

Schiller, J.                                                                                         March 12, 2012

Pro se Plaintiff Troy Anthony King alleges that Defendants Chester County Prison, Warden D. Edward McFadden, Director of Inmate Services Jack Healy, and Director of Inmate Employment Ray Rojevich unlawfully discriminated against him by prohibiting him from working in the prison kitchen because he is HIV-positive. Presently pending before the Court is Defendants' motion for summary judgment. Plaintiff has not filed a response in opposition to the motion. While Defendants request that the Court treat the motion as unopposed, under Federal Rule of Civil Procedure 56(c) and Local Rule of Civil Procedure 7.1, the Court must determine whether there exists a genuine dispute of any material fact. For the following reasons, Defendants' motion will be granted.

**I.   BACKGROUND**

King is HIV-positive, and he was an inmate housed at Defendant Chester County Prison. (Defs.' Statement of Undisputed Facts in Supp. of Mot. for Summ. J. [Defs.' SOF] ¶¶ 1, 4.) During his incarceration, King requested to work in the prison's kitchen several times, which was denied. (*Id.* ¶ 3.) At $5.00 per day, work assignments in the kitchen are among the highest-paid positions in the prison. (Defs.' Mot. Ex. A [Policies and Procedures: Work Assignments and Programs].)

King filed an Inmate Grievance Form on Sept. 15, 2010, in which he alleged a violation of his rights because of the denial of his repeated requests to work in the kitchen. King noted that Defendant Rojevich had said he would instead try to get him a job in laundry or night housekeeping. (Compl. Ex. A [Inmate Grievance Form].) King claimed that he was told by the medical unit that "due to a policy in effect [he was] not allowed to work in the kitchen due to the fact [he] was HIV-positive." (*Id.*) King also stated that staff members told him to speak with Defendant Healy about the situation, but that he had received no response to his letter to Healy. (*Id.*) Healy reviewed and signed the grievance form on September 20, 2010. (*Id.*)

Chester County Prison issued a response to King's grievance, concluding that the "grievance is unfounded and without merit." (Compl. Ex. B [Grievance Response].) The response asserted that "[i]nstitutional job assignments are a privilege and not a right, and while an inmate may request to be assigned to a specific area, it is only a request and not in any way a binding agreement." (*Id.*) The response also listed the criteria that are reviewed when considering approval for an institutional work assignment, including the inmate's charges, the length of his or her sentence, the work supervisor's recommendation, and "health related issues," among others. (*Id.*) The response further noted that King refused to be considered for another job after he was denied the position in the kitchen. (*Id.*)

On October 22, 2010, King appealed the disposition of his inmate grievance and named multiple individuals in the medical unit who "state[d] that [it] is a rule of the prison to prevent people with HIV from working in the kitchen." (Compl. Ex. D [Grievance Appeal].) King also alleged that other prison staff members also stated that such a policy existed. (*Id.*)

On November 5, 2010, Defendant McFadden issued a two-sentence response to King's appeal. (Compl Ex. C [Inmate Grievance Appeal Response].) The appeal response did not address

or dispute whether there was a prison policy that prevented individuals with HIV from working in the kitchen. (*Id.*) Instead, the response merely stated that, upon a review of King's request and information available, the disposition is "left unchanged." (*Id.*)

Defendants deny that Chester County Prison has a policy or practice that prohibits HIV-positive inmates from working in the kitchen. On the contrary, Defendants argue that Chester County Prison adheres to the Pennsylvania Department of Corrections' Access to Health Care Procedures manual, which states that "[a]n inmate with chronic disease (HIV, Hepatitis B and C) may work in food service." (Defs.' SOF ¶ 11; Defs.' Mem. Ex. B [Access to Health Care Procedures Manual].) The Pennsylvania procedures only limit assignments in food service for inmates with open wounds, acute respiratory infections, or acute Hepatitis A. (Access to Health Care Procedures Manual.) Furthermore, Chester County Prison's policies also provide that the prison "will not discriminate inmates' access to work assignment based on race, religion, national origin, gender or disability." (Policies and Procedures: Work Assignments and Programs.) Instead, the prison makes work assignments "after considering inmates classification, adjustment record, prior employment, skills, training, medical ability, and the needs of the prison." (*Id.*)

Plaintiff filed this case against Defendants on December 1, 2010. Upon the completion of the discovery period, Defendants filed the pending motion for summary judgment on November 4, 2011. Defendants contend, however, that King engaged in no fact discovery and presents no evidence to support his claim. (Defs.' Mem. of Law in Supp. of Mot. for Summ. J. [Defs.' Mem.] at 1.) King has not responded to Defendants' motion for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the admissible evidence fails to demonstrate a genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). When the movant does not bear the burden of persuasion at trial, it may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry its burden of persuasion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

Thereafter, the nonmoving party demonstrates a genuine issue of material fact if it provides evidence sufficient to allow a reasonable finder of fact to find in its favor at trial. *Anderson*, 477 U.S. at 248. In reviewing the record, a court "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Prowel v. Wise Bus. Forms*, 32 F.3d 768, 777 (3d Cir. 2009). The court may not, however, make credibility determinations or weigh the evidence in considering motions for summary judgment. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *see also Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002).

Although Plaintiff is acting pro se, he is not relieved of his obligation to present evidence that a genuine issue of material fact exists for trial. *See Watson v. Phila. Hous. Auth.*, 629 F. Supp. 2d 481, 485 (E.D. Pa. 2009). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. *Versarge v. Twp. of Clinton*, 984 F.2d 1359, 1370 (3d Cir. 1993).

## III. DISCUSSION

Pro se complaints, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting

*Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Thus, although Plaintiff's Complaint does not specify which constitutional or statutory provisions Defendants violated, the Court will liberally construe the Complaint to assert violations of due process under the Fourteenth Amendment, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act.

### A.   Due Process Under the Fourteenth Amendment

Defendants correctly contend that inmates have no constitutional right to employment while in prison. *See, e.g.*, *Wright v. O'Hara*, Civ. A. No. 00-1557, 2002 WL 1870479, at *5 (E.D. Pa. Aug. 14, 2002). Furthermore, once prison officials permit inmates to work, there is no right under the Due Process Clause to any particular job. *Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975) ("We do not believe that an inmate's expectation of keeping a particular prison job amounts either to a 'property' or 'liberty' interest entitled to protection under the due process clause.") (citing *Bd. of Regents v. Roth*, 408 U.S. 564 (1972)); *see also James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989) ("Traditionally, prisoners have had no entitlement to a specific job, or even to any job.").

Similarly, King has no constitutionally protected liberty interest created under state law. State law may create "enforceable liberty interests in the prison setting" only when a state places "substantive limitations on official discretion." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 461-62 (1989). Prison officials have significant discretion in prison management. *See, e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.") Defendant Chester County Prison's policy to determine work assignments grants significant discretion to prison officials, who can consider a wide range of criteria, including an inmate's

"classification, adjustment record, prior employment, skills, training, medical ability, and the needs of the prison." (Policies and Procedures: Work Assignments and Programs.) No language limits the prison officials' discretion or requires a particular outcome. Thus, a particular work assignment is not an enforceable state-created liberty interest, and Defendants' refusal to provide King a job in the kitchen is not a due process violation. *See Cummings v. Banner*, Civ. A. No. 90-7552, 1991 WL 238140, at *4 (E.D. Pa. Nov. 6, 1991) (holding that dismissal from a work program did not infringe on a liberty interest provided by state law because there were no limits on the prison officials' discretion in administering the program). Thus, the Court will grant summary judgment to Defendants on Plaintiff's due process claim.

    **B.**    **Americans with Disabilities Act**

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on account of that individual's disability. 42 U.S.C. § 12131, *et seq.* To establish a claim under this title, a plaintiff must show that he is a qualified individual with a disability who has been excluded from participation in a program because of his disability. 42 U.S.C.A. § 12132. King has alleged that he is HIV-positive and that he was denied a work assignment in the prison kitchen because of his HIV status. Under the ADA, HIV is a disability. *See, e.g., Bragdon v. Abbott*, 524 U.S. 624, 642 (1998) (noting that "[r]espondent's HIV infection is a physical impairment which substantially limits a major life activity, as the ADA defines it," but declining to adopt a *per se* rule); *Doe v. Cnty. of Centre, Pa.*, 242 F.3d 437, 447 (3d Cir. 2001) ("HIV clearly constitutes a disability since it is a physical impairment that substantially limits several of [the child's] major life activities, such as talking, walking, and digestion."); Regulations to Implement the Equal Employment Provisions of the Americans with Disabilities Act, 29 C.F.R.

§ 1630.2(j)(3)(iii) (2011) (including HIV in list of *per se* disabilities that "at a minimum, substantially limit the major life activities").

The protections of the ADA extend to inmates in state prisons. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 213 (1998). However, "just as constitutional rights of prisoners must be considered in light of the reasonable requirements of effective prison administration, so must statutory rights applicable to the nation's general population be considered in light of effective prison administration." *Gates v. Rowland*, 39 F.3d 1439, 1446-47 (9th Cir. 1994). A prison regulation that "impinges on inmates' constitutional rights . . . is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The Third Circuit explained how courts must assess the overall reasonableness of regulations under *Turner*:

> First, there must be a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it, and this connection must not be so remote as to render the policy arbitrary or irrational. Second, a court must consider whether inmates retain alternative means of exercising the circumscribed right. Third, a court must take into account the costs that accommodating the right would impose on other inmates, guards, and prison resources generally. And fourth, a court must consider whether there are alternatives to the regulation that fully accommodate the prisoner's rights at de minimis cost to valid penological interests.

*Waterman v. Farmer*, 183 F.3d 208, 213 (3d Cir. 1999) (citations omitted).

In the case at bar, King alleges that Chester County Prison has a policy prohibiting HIV-positive inmates from working in the kitchen. However, because King fails to present evidence demonstrating the existence of this policy. Given the absence of any evidence of a policy—official or unstated—that Defendants prohibit HIV-positive inmates from working in the kitchen or any evidence that King was prohibited from working in the kitchen based on his HIV status, and given Defendants' evidence of policies demonstrating that Chester County Prison does not discriminate

in work assignments, the Court concludes there is no genuine dispute of material fact. The Court will therefore grant summary judgment in Defendants' favor on Plaintiff's ADA claim.

### C.  Rehabilitation Act

Courts construe the Rehabilitation Act and the ADA similarly. *See Bragdon*, 524 U.S. at 631-32 (finding that statutory construction in ADA "requires us to construe the ADA to grant at least as much protection as provided by the regulations implementing the Rehabilitation Act"); *Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 635 F.3d 87, 91 n.5 (3d Cir. 2011) ("In light of the similarities between the ADA and RA and their implementing regulations, we construe and apply them in a consistent manner.") (internal quotations marks and punctuation marks omitted). For that reason, the Court will also grant summary judgment to Defendants on Plaintiff's Rehabilitation Act claim.

## IV.  CONCLUSION

Plaintiff has failed to present any evidence supporting his allegations that Defendants had a policy of discriminating against HIV-positive inmates in work assignments. Plaintiff has also failed to present evidence that he was discriminated against based on his HIV status when he was denied a work assignment in the kitchen. Accordingly, summary judgment is warranted. An Order consistent with this Memorandum will be docketed separately.